## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.B. and R.B.**

**No. 17-0562** (Kanawha County 15-JA-338 & 15-JA-339)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.C., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's May 18, 2017, order terminating her parental rights to M.B. and R.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she substantially complied with the terms of her improvement period and in denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the DHHR filed an abuse and neglect petition against the parents. The DHHR alleged that the children were abused and/or neglected due to petitioner's failure to attend to M.B.'s medical condition, which required surgery. Further, M.B. had five cavities that had not been filled because petitioner failed to take him to a dentist. The DHHR alleged that petitioner had a long history of substance abuse and failed to provide the children with the necessary food, clothing, supervision, and housing. Additionally, the DHHR alleged that petitioner was not sufficiently motivated or organized to provide for the children's needs on an ongoing basis. In January of 2016, the DHHR filed an amended petition in which it alleged that petitioner was previously involved in an abuse and neglect proceeding during which the DHHR provided services for one year, after which the children were returned to petitioner's custody. The DHHR further alleged that petitioner removed the children from a relative's home in violation of a court order; smoked marijuana in front of the children; participated in acts of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

domestic violence with her stepmother and the children's father in the children's presence; failed to provide medical treatment to M.B.; and allowed the children to live with four different people, all of whom had histories with Child Protective Services ("CPS").

The circuit court held a preliminary hearing, during which the circuit court heard the CPS worker's testimony. The circuit court found that probable cause existed and found that remaining in the home was contrary to the children's best interest. The circuit court granted petitioner supervised visitation and drug screening services. In March of 2016, the circuit court held an adjudicatory hearing. Petitioner stipulated to exposing her children to domestic violence. Accordingly, the circuit court adjudicated petitioner as an abusing parent and subsequently granted her an improvement period, which included individualized parenting classes, adult life skills classes, bus passes, a psychological evaluation, and both parental fitness and domestic violence counseling. Additionally, petitioner was granted supervised visitation with the children but was prohibited from exposing them to her current boyfriend, a former Latin King gang member.

After multiple review hearings and the expiration of petitioner's improvement period, the circuit court held a dispositional hearing in December of 2016. The DHHR presented the testimony of the CPS worker and a service provider. Both witnesses testified as to petitioner's inability to parent her children and non-compliance with her improvement period. Despite several months of services, petitioner did not implement any techniques taught in her classes. The CPS worker testified that petitioner received parenting and adult life skills classes throughout 2006 and 2007, as well as services throughout her former abuse and neglect proceeding. While the CPS worker admitted that petitioner participated in those classes, she failed to consistently attend supervised visitation with her children, missing twelve out of thirty-six visits. The CPS worker testified that when petitioner missed the visits, the children would act out by hitting and biting. When petitioner did visit, the children were affected such that it would take them a day or two to calm down. The CPS worker also noted that petitioner underwent a psychological evaluation, which suggested her ability to parent the children was "poor." Finally, the CPS worker testified that petitioner had recently been arrested for shoplifting in August of 2016, during her improvement period. The service provider then testified that petitioner could not physically parent the children as petitioner could not control their sometimes violent behavior.

Petitioner then testified that she occasionally missed visits due to her nerve disease, which made it difficult for her to read bus schedules. She missed another visit due to a misunderstanding with her supervised visitation worker. Petitioner admitted that her boyfriend was a convict and former gang member with a "ruthless past" and that she allowed her children to be around him. Petitioner testified that her plan was to move with her boyfriend to Tennessee so that they could live next door to her boyfriend's mother, who would keep the children. Petitioner stated that she and her boyfriend were going to get married after her divorce from the children's father was finalized. Following the arguments of the parties, the circuit court found that petitioner did not have the ability to care for her children, that she possessed poor decision-making skills, and that there was no reasonable likelihood that petitioner could correct the conditions of abuse. As such, the circuit court terminated petitioner's parental rights and denied

post-termination visitation with the children.[2] It is from the May 18, 2017, dispositional order that petitioner appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she substantially complied with her improvement period. We disagree. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. Further, West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 82, 479 S.E.2d 589, 592 (1996).

Based on the record before us, petitioner failed to substantially correct the conditions of abuse and neglect. At the dispositional hearing, a CPS worker testified that petitioner received parenting and adult life skills services as early as 2006. Petitioner also received services in a prior abuse and neglect proceeding, as well as throughout nine months of the underlying proceedings. Contrary to petitioner's argument that she substantially complied with the services offered throughout her improvement period, the CPS worker testified that petitioner missed twelve of her thirty-six supervised visits with the children. Further, petitioner was arrested for shoplifting during her improvement period. Both the service provider and the CPS worker

---

[2]Both parents' parental rights have been terminated. According to the DHHR, the children are currently in separate foster homes with a goal of adoption therein. The children visit each other regularly.

testified that, despite receiving services, petitioner was incapable of properly parenting her children. Petitioner admitted that she continued to maintain a relationship with an ex-gang member whose past she described as "ruthless" and that she intended to move the children to his family's home in Tennessee. Petitioner testified to this plan knowing that she was prohibited from allowing the children around her boyfriend. The record establishes that petitioner has not responded to rehabilitative efforts despite years of services. As such, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and that termination was necessary for the children's welfare.

Petitioner next argues on appeal that the circuit court erred in denying her post-termination visitation with the children because she has a strong bond with the children and they would benefit from continued contact with her. Petitioner states that no evidence suggesting otherwise was submitted. Upon our review, the Court finds this assignment of error to be without merit. We have explained that

> a parent whose rights have been terminated pursuant to an abuse and neglect petition may request post-termination visitation. Such request should be brought by written motion, properly noticed for hearing, whereupon the court should hear evidence and arguments of counsel in order to consider the factors established in Syllabus Point 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995), except in the event that the court concludes the nature of the underlying circumstances renders further evidence on the issue manifestly unnecessary.

*In re Marley M.*, 231 W.Va. 534, 544, 745 S.E.2d 572, 582 (2013). There is no evidence in the record on appeal that petitioner filed such written motion. Moreover, we have previously held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest. Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

In this case, petitioner failed to provide evidence to contradict the circuit court's finding that there was no identifiable benefit to the children by continued contact with petitioner and that continued contact would likely cause disruption in the children's lives, making permanency more difficult. Petitioner missed one-third of her supervised visits with the children throughout the pendency of the proceedings, and the children acted out violently after missed visits. Further, the children also acted out following visits with petitioner, so the record is clear that continued contact with petitioner would disrupt the children's lives. Finally, petitioner failed to

acknowledge the safety concerns related to allowing the children to be in her boyfriend's presence. Accordingly, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 18, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker